```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MONTANA
                   MISSOULA DIVISION
       _____

IN RE: SUBPOENA ISSUED TO MONTANA
DEPT. OF HEALTH AND HUMAN                 MCV 06-23-M-JCL
SERVICES


                                          FINDINGS & RECOMMENDATION
                                          OF UNITED STATES
                                          MAGISTRATE JUDGE


       _____
```

The Montana Department of Health and Human Services (Department) has moved to quash or modify a subpoena served upon it by Thomas Houlahan, the plaintiff in a civil action pending in another district.  The Department has moved pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) to modify or quash the subpoena.  For the reasons set forth below,

**IT IS RECOMMENDED** that the Department's motion be **GRANTED**, and the subpoena be **QUASHED**.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings

PAGE 1

must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

    DONE and DATED this 6th day of December, 2006

        /s/ Jeremiah C. Lynch
        Jeremiah C. Lynch
        United States Magistrate Judge

## **DISCUSSION**

This ancillary discovery proceeding arises out of a civil action currently pending in the United States District Court for the District of Columbia. *Thomas Houlahan v. World Wide Association of Specialty Programs and Schools, et. al,* Civil Action No. 04-01161 (HHK). The plaintiff in the underlying case, Thomas Houlahan, asserted claims against the World Wide Association of Specialty Programs and Schools (WWASPS), its president, and others for intentional interference with prospective economic advantage, defamation, libel, and abuse of process. Dept.'s Br. in Support of Motion to Quash, Exh. B. Houlahan is a journalist who "has been investigating the teen modification industry for a series of articles." Exh. B, ¶ 21. Houlahan alleges that he learned during his investigation that WWASPS, "one of largest operators in the field, was widely believed to be operating below industry standards in a number of [areas]." Exh. B, ¶ 22. According to Houlahan, when WWASPS and the other defendants learned of his investigation, they responded

PAGE 2

by making defamatory statements about him and his work in an attempt to thwart his investigation and prevent him from revealing its contents.  Exh. B, ¶¶ 84-112.  Houlahan also claimed that the defendants in the underlying case intentionally interfered with his prospective economic advantage by publishing false and/or misleading information about him to his editor.  Exh. B, ¶¶ 68-83.  Finally, Houlahan asserted that WWASPS and the other defendants engaged in abuse of process by filing a lawsuit against him in Utah.  Exh. B, ¶¶ 113-122.

On October 24, 2006, Houlahan served a non-party subpoena in the underlying action on the Department.  Dept.'s Br. in Support, Exh. C.  The subpoena, issued out of this Court, asks the Department to produce documents relating to reports of child abuse and neglect at the Spring Creek Lodge Academy, a Montana facility that was an affiliate of WWASPS when Houlahan commenced the underlying action.  Specifically, the subpoena requests that the Department's director, Joan Miles, produce the following:

> Any documents, including electronic documents, in the possession or control of the Montana Department of Public Health and Human Services referring or relating to any investigation or report of neglect and/or abuse or attempted/completed suicides at the Spring Creek Lodge facility, Thompson Falls, Montana.

Exh. C.

The Department has moved to modify or quash the subpoena pursuant to Fed. R. Civ. P. 45 on the basis that it calls for the

PAGE 3

production of statutorily confidential records relating to reports of child abuse and neglect.[1]

It is worth noting as an initial matter that although the underlying action is pending in another district, the Department's motion to modify or quash the subpoena is properly before this Court.  *See,* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2459, p. 40 (3d ed. 1995) (explaining that "[t]he 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made to the district court of the district from which the subpoena issued.") "A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.,* 813 F.2d 1207, 1211-12 (Fed. Cir. 1987).

The Department in this case moves to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), which requires the issuing court to grant such relief if the subpoena "requires disclosure of privilege or other protected matter and no exception or waiver applies."  As the Department correctly

---

[1] On October 27, 2006, the Spring Creek Lodge Academy filed its own Motion to Intervene and to Quash Non-Party Subpoena.  MC-06-22-M-JCL.  Because the Department's motion to quash should be granted, Spring Creek Lodge Academy's motion should be denied as moot.

PAGE 4

notes, Houlahan's subpoena calls for the production of records relating to reports of child abuse and neglect, which are considered confidential under Montana law.  Mont. Code Ann. § 41-3-205 governs the confidentiality of reports and investigations related to child abuse and neglect, and provides in pertinent part that "[t]he case records of the department...and all records concerning reports of child abuse and neglect must be kept confidential," with certain exceptions.  M.C.A. § 41-3-205(1).  None of the twenty-six listed exceptions applies here.  M.C.A. § 41-3-305(3).  The confidentiality statute also provides, however, that:

> Records may be disclosed to a court for in camera inspection if relevant to an issue before it.  The court may permit public disclosure if it finds disclosure to be necessary for the fair resolution of an issue before it.

M.C.A. § 41-3-305(2).

Relying on this subsection, the Department has provided redacted and unredacted copies of the records sought by way of the subpoena to this Court under seal for in-camera review.  Dept.'s Br. in Support, Exh. A.  Because it is not a party to the underlying action, the Department explains that it is not in a position to determine whether these records are relevant to the issues before the court in that case.  The Department thus asks this Court to conduct an in camera inspection of the records to determine if the confidential material they contain is relevant to the issues in the underlying action, and if disclosure is

PAGE 5

necessary for the fair resolution of those issues.  Depending on the results of the in camera review, the Departments moves this Court to either quash or modify the subpoena as it deems appropriate.

Houlahan does not oppose the Department's request for in camera review, and does not object to modifying the subpoena to reflect that all personally identifying information should be redacted from any records produced.  Pl.'s Response, 1 (Nov. 27, 2006).  Houlahan does, however, oppose the Department's motion to the extent it asks this Court to entirely quash the subpoena.  He contends that reports of abuse and neglect at the Spring Creek Lodge Academy are relevant because the underlying action "involves accusations that [Houlahan] lied when he spoke and wrote about abuse and neglect in WWASPS facilities, of which Spring Creek Lodge was one."  Pl.'s Response, 2.  According to Houlahan, "[i]nvestigations by child welfare experts from a Montana state department with no 'axe to grind' [would] provide a uniquely credible source of information regarding the claims at the center of this case."  Pl.'s Response, 2.

Whether the Department must produce reports of abuse and neglect at the Spring Creek Lodge Academy, even in redacted form, depends in the first place on whether those reports are in any way relevant to the issues in Houlahan's pending lawsuit against WWASPS.  As Houlahan notes, the United States Supreme Court has broadly construed the word "relevance" in the pretrial discovery

PAGE 6

context to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case...." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Even applying such an expansive definition, however, this Court is satisfied based on its review of the available record in the underlying action, in conjunction with its in camera review of the Department's records, that those records simply have no bearing on any issue in Houlahan's litigation against WWASPS and the other defendants.

Houlahan's First Amended Complaint asserted claims for intentional interference with prospective economic advantage, defamation, libel, and abuse of process against various combinations of named defendants. Dept.'s Br. in Support of Motion to Quash, Exh. B. However, the United States District Court for the District of Columbia has since dismissed several of those claims. *Houlahan v. World Wide Association of Specialty Programs and Schools et al.*, 2006 WL 785326 (D.D.C.); *Houlahan v. World Wide Association of Specialty Programs and Schools et al.*, 2006 WL 2844190 (D.D.C.). In March 2006, it dismissed Houlahan's claim against Lance Landre and the C.S. Landre Foundation for intentional interference with prospective economic advantage. *Houlahan*, 2006 WL 785326, *5. In September 2006, it summarily dismissed Houlahan's intentional interference claim against the remaining defendants, and further dismissed his abuse of process

PAGE 7

claim.  *Houlahan*, 2006 WL 2844190, *2, 8.  The court's rulings leave Houlahan with his various defamation and libel claims.[2]  Houlahan asserts in those claims that the defendants made defamatory statements about him in e-mail communications and a press release.  First Am. Compl., ¶¶ 93-98; 108-12.  He alleges, for example, that WWASPS's president made false statements to potential sources regarding his "motivation, truthfulness, and integrity," and claims another defendant issued a press release to that effect.  First Am. Compl., ¶ 38-39; 85-90; 45-47.  He also asserts that WWASPS's president sent a defamatory e-mail to support group leaders in which he again attacked Houlahan's professional integrity.  First Am. Compl., ¶¶ 49-54; 103-06; *Houlahan*, 2006 WL 2844190, *3-4.  Houlahan also alleges that another defendant sent a defamatory e-mail to his editor, questioning Houlahan's honesty and journalistic integrity.  First Am. Compl., ¶¶ 56, 108-112; *Houlahan*, 2006 WL 785326, *2-3.

Houlahan's defamation claims have nothing to do with reports of abuse and neglect at the Spring Creek Lodge Academy.  The First Amended Complaint sets forth the factual basis of his

---

[2] This Court cannot tell whether Houlahan's claims against defendants James Wall and Freeman Wall Aiello have survived the presiding court's orders.  As with the other named defendants, Houlahan asserts claims against the Wall defendants for libel and intentional interference with prospective advantage.  Even assuming those claims are still pending, however, this Court is satisfied that the documents sought in this ancillary discovery proceeding are in no way relevant to those claims, much less necessary to their resolution.

PAGE 8

defamation and libel claims in great detail, but makes no mention of the Spring Creek Lodge Academy.  Nor do the presiding court's two orders in this case make any mention of the Spring Creek Lodge Academy.

Houlahan suggests in response to the Department's motion that reports of abuse and neglect at the Spring Creek Lodge Academy are nevertheless relevant because they will help him demonstrate that he was in fact reporting the truth about WWASPS facilities, and that defendants indeed defamed him by making false statements to the contrary regarding his journalistic integrity.  While Houlahan alleges that the defendants defamed him in various e-mails and press releases, there is nothing to suggest that any of those allegedly defamatory communications related in any way to Houlahan's coverage of the Spring Creek Lodge Academy.  Moreover, Houlahan does not suggest the statements he may have made about "abuse and neglect at WAASPS facilities" were based upon contemporaneous knowledge he had concerning operations at the Spring Creek Lodge Academy.  Absent any such connection, the reports Houlahan seeks by way of the outstanding subpoena are simply not relevant to his pending defamation claims.

Although it is well established that the truth is a defense to defamation, Houlahan is the plaintiff in the underlying action rather than the defendant.  As the plaintiff, Houlahan bears the burden of establishing the falsity of the defendants' statements

PAGE 9

regarding his journalistic integrity.  *Houlahan*, 2006 WL 2844190, *2 (recognizing that to prevail on a defamation claim, a plaintiff must show, among other things, that "a false and defamatory statement was written by the defendant about the plaintiff.").  Houlahan apparently hopes that records documenting reports of abuse and neglect at the Spring Creek Lodge Academy will somehow substantiate his prior journalistic efforts, which the defendants have allegedly defamed.  Absent any allegation or showing that those journalistic efforts related in any way to the Spring Creek Lodge Academy, however, abuse and neglect records from that facility are simply not relevant to the issues before the court in that action.  Because Houlahan has not demonstrated that the confidential records he seeks are relevant or otherwise "necessary for the fair resolution of an issue" before the court in his defamation action, the subpoena for their production should be quashed in favor of ensuring the complete privacy of any victim or subject of the investigations.